UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRADLEY WILLIAM McCORD,<br><br>    Defendant. | NO. **CR-10-2049-LRS**<br><br>**ORDER DENYING**<br>**MOTION TO DISMISS** |

**BEFORE THE COURT** is Defendant's Motion To Dismiss Count 2 Of The Superseding Indictment (Ct. Rec. 48). Oral argument was heard on September 8, 2010. Thomas J. Hanlon, Esq., appeared for the Government. Gregory L. Scott, Esq., appeared for the Defendant.

Count 2 charges the Defendant with Possession Of Firearm in Furtherance of Drug Trafficking Crime, 18 U.S.C. Section 924(c)(1)(A). Section 924(c)(1)(A) provides:

> **Except to the extent that a greater minimum sentence is otherwise provided by this subsection <u>or by any other provision of the law</u>**, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-
>
> (i) be sentenced to a term of imprisonment of not less than 5 years.

(Emphasis added).

Defendant contends he cannot be prosecuted for Count 2 because Count 3

**ORDER DENYING**
**MOTION TO DISMISS -      1**

of the Superseding Indictment, alleging Possession With Intent To Distribute Controlled Substances in violation of 21 U.S.C. Section 841(a)(1), constitutes "any other provision of law" providing for a "greater minimum sentence." Pursuant to 21 U.S.C. Section 841(a)(1), the Defendant is subject to a minimum sentence of 5 years which, Defendant concedes, is actually not "greater" than the minimum sentence called for by 18 U.S.C. Section 924(c)(1)(A), but the same (5 years). This appears problematic in itself regarding Defendant's argument that a plain reading of Section 924(c)(1)(A) precludes his prosecution on Count 3.

The United States Supreme Court recently granted certiorari to resolve a circuit split as to interpretation of the introductory clause of Section 924(c). *United States v. Abbott*, 574 F.3d 203 (3rd Cir. 2009), cert. granted, *Abbott v. United States*, 130 S.Ct. 1284 (2010); *United States v. Gould*, 329 Fed. Appx. 569 (2009), cert. granted, *Gould v. United States*, 130 S.Ct. 1283 (2010). The Second and Sixth Circuits have read the first phrase of subsection (1)(A) ("Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of the law"), to mean that a sentence cannot be imposed for a conviction under Section 924(c) in any prosecution where the defendant also faces a higher mandatory minimum sentence on another count of conviction. *United States v. Almany*, 598 F.3d 238, 241-42 (6th Cir. 2010); *United States v. Williams*, 558 F.3d 166, 168-75 (2nd Cir. 2009); and *United States v. Whitley*, 529 F.3d 150, 152-58 (2nd Cir. 2008). Other circuits, including the First Circuit (*United States v. Parker*, 549 F.3d 150 (1st Cir. 2008)); the Third Circuit (*Abbott*); the Fourth Circuit (*United States v. Studifin*, 240 F.3d 415 (4th Cir. 2001)); the Fifth Circuit (*Gould*); the Seventh Circuit (*United States v. Easter*, 553 F.3d 519 (7th Cir. 2009)); the Eighth Circuit (*United States v. Alaniz*, 235 F.3d 386 (8th Cir. 2000)); and the Eleventh Circuit (*United States v. Segarra*, 582 F.3d 1269 (11th Cir. 2009), have held otherwise: a sentence imposed for a separate offense does

**ORDER DENYING
MOTION TO DISMISS -                2**

not supplant or abrogate a Section 924(c) sentence under its introductory clause. According to the Third Circuit, "[t]he most cogent interpretation is that the prefatory clause refers only to other minimum sentences that may be imposed for violation of 924(c), not separate offenses." *Abbott*, 574 F.3d at 208. In *Segarra*, the Eleventh Circuit declined to interpret the "except" clause to limit consecutive sentences imposed for a Section 924(c) offense and the underlying drug crimes, noting that another portion of Section 924(c), specifically subsection (c)(1)(D)(ii), provides that "no term of imprisonment . . . under this subsection shall run concurrently with **any other term** of imprisonment imposed . . . ." 582 F.3d at 1272-73. (Emphasis added).

In any event, whatever the Supreme Court decides in *Abbott* and *Gould* would not require the Government to dismiss Count 2 here.[1] The reason is that the circuit courts in *Abbott* and *Gould* addressed the imposition of consecutive mandatory minimum **sentences**, and did not address whether a defendant was properly **charged** with a violation of both Section 924(c) and an offense which carries a greater minimum sentence. Thus, even if the Supreme Court decides that imposition of consecutive mandatory minimum sentences under Section 924(c) and another offense is not allowed, that does not mean a defendant cannot be charged and tried for both offenses. If Defendant is convicted of Counts 2 and 3, at the time of sentencing, the court will revisit the issue of the propriety of imposing consecutive mandatory minimum sentences, perhaps with the guidance

---

[1] The Supreme Court's 1997 decision in *United States v. Gonzalez*, 520 U.S. 1 (1997), cited by Defendant, dealt with interpretation of Section 924 (c)(1)(D)(ii), not Section 924 (c)(1)(A), and therefore, is not dispositive of the issue currently being presented to the Supreme Court.

**ORDER DENYING**
**MOTION TO DISMISS -          3**

of a Supreme Court decision.  For the time being, however, there is no basis for dismissing Count 2.

    Defendant also contends that if he is not convicted of Count 3 of the Superseding Indictment (Possession With Intent to Distribute 5 Grams or More of Methamphetamine), then he cannot be convicted of Count 2 which alleges he possessed a firearm in furtherance of a drug trafficking crime, "to wit: Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841."  Again, this is not an argument that requires resolution at this time, and does not compel dismissal of Count 2 at this time.  If Defendant is convicted of both Counts 2 and 3, there will be no issue of inconsistent verdicts.  If, however, Defendant is convicted of Count 2, but acquitted of Count 3, and it turns out the Government's proof of a "drug trafficking crime" under Section 924(c)(1)(A) is limited to the proof offered in support of Count 3, there may be an inconsistent verdict which requires resolution via post-trial motion.  There is, however, no basis for dismissing Count 2 now, prior to trial.

    Accordingly, Defendant's Motion To Dismiss Count 2 of the Superseding Indictment (Ct. Rec. 48) is **DENIED**.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

    **DATED** this   10th   day of September, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief U. S. District Court Judge

**ORDER DENYING**
**MOTION TO DISMISS -**       **4**